## IN THE UNITED STATE DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| ROBERT CARPENTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 07-633-DRH |
| v. | ) |
| | ) |
| PERSOLVE, LLC; | ) |
| LAW OFFICES OF DEBORAH S. ASHEN, | ) |
| LTD.; and DEBORAH S. ASHEN, | ) |
| | ) |
| Defendants. | ) |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

This matter came on for hearing on January 16, 2009, upon the application of the Parties for approval of the settlement set forth in the Class Settlement Agreement ("Agreement") dated as of October 15, 2008. Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1.  On October 23, 2008, this Court preliminarily approved the Class Settlement Agreement reached between Plaintiff Robert Carpenter and Defendants Persolve LLC, Law Offices of Deborah S. Ashen, Ltd., and Deborah S.

Ashen, ("Defendants") for the claims alleged in the above-captioned matter. The Court approved notices for mailing to the class. The Court is informed that actual notice was sent by first-class mail to 72 class members (counting couples and other joint persons as a single class member). A total of 13 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and 2 envelopes were returned and re-mailed to a forwarding address. No class members requested exclusion and no objections were filed or received. No class members requested vacations of the judgments entered against them and none requested refund of the money collected in connection with the contracts sued on.

2. The Court, for purposes of this Final Judgment and Order of Dismissal (the "Judgment"), adopts all defined terms as set forth in the Class Settlement Agreement.

3. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and Class Representative, the other Members of the Class, and the Defendants.

4. The Court finds that the distribution of the Notices of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Illinois law and due process under the United States Constitution.

5. The Court approves the settlement of the above-captioned actions, as set forth in the Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed without prejudice as to the Plaintiffs and Class Representatives and the other Members of the Class, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7. Solely for purposes of effectuating this settlement this Court has certified a Class of all Persons who satisfy the following criteria. The Class is defined to include:

> All natural persons living outside Cook, DuPage, Will, Kane, Lake, and McHenry counties against whom a lawsuit was filed in Cook County by the Law Offices of Deborah S. Ashen, Ltd. on behalf of Persolve LLC between September 4, 2006 and September 24, 2007.

8. With respect to the Class and for settlement purposes only, this Court finds and concludes that:

(a) the Members of the Class are ascertainable and so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among Members of the Class with respect to the subject matter of the Litigation;

(c) the claims of the Plaintiffs and Class Representatives are typical of the claims of the Members of the Class;

(d) the Class Representatives have fairly and adequately protected the interests of the Members of the Class;

(e) a class action is superior to other available methods for an efficient adjudication of this controversy; and

(f) the counsel of record for the Class Representatives is qualified to serve as counsel for Plaintiff and for the Class.

9. Plaintiff and each Class member not opting out, as of the Effective Date of the Agreement, release and forever discharge Defendants and their past, present or former parents, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, beneficiaries, divisions, administrators, insurers, and assigns ("Released Parties") of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs, that were made or which could have been made by Plaintiff on behalf of himself or on behalf of the above-defined Class in the Litigation, in law or in equity, for anything of any kind or nature whatsoever, known or unknown at this time, that occurred from the beginning of time up through and including the date the Court grants final approval to the settlement arising from the allegations in the Complaint.

10. Nothing herein shall prevent Defendants from continuing to attempt to collect the debts allegedly owed by Plaintiff or the Class members, nor will it prevent Class members from asserting any defenses they have to the debts. In particular, Plaintiff and the Class members do not release any claims or defenses they may have regarding (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus. Plaintiff and Class members also do not release any right to move to vacate judgments or orders entered against them, or claims that seized assets are exempt from garnishment.

11. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

> (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or
>
> (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Judgment from this Litigation may be used in any other action in order to support a defense or counterclaim based on the

existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

12. The Court dismisses the claims of Plaintiff and the Class against Defendants and the Released Parties without prejudice and without costs.

13. Within thirty-five (35) days of this Order, the Ashen Defendants shall file a notice ("Notice of Compliance") that they have complied with the terms of the Agreement. Specifically, the Ashen Defendants shall certify that all class members have been issued checks, any judgments that Class members have requested be vacated have been vacated, and any money collected from Class Members which Class Members have elected to have refunded has been refunded.

14. The dismissal of this action, including all claims of Plaintiff and the Class, will be converted to a dismissal with prejudice ten (10) days after the Notice of Compliance has been filed, absent a timely motion by Plaintiff or Defendants.

15. The Court has reviewed the petition of Plaintiff's counsel for $18,500.00 for attorney's fees and costs. That petition is granted. Defendants are ordered to pay $18,500.00 to Plaintiff's counsel by the deadline set forth in the Agreement.

16. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Plaintiffs and Class Representatives, the Class and the Released Parties for the purposes of: supervising the implementation, enforcement,

construction, administration and interpretation of the Agreement and this Judgment.

**IT IS SO ORDERED**

This 21st day of January, 2009.

/s/    *David R. Herndon*

Honorable David R. Herndon
Chief Judge
United States District Court